UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CASSANDRA B. o/b/o A.L.T.,

                 Plaintiff,

v.                                                      1:19-CV-1194
                                                           (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     KENNETH HILLER, ESQ.
  Counsel for Plaintiff                             CORINNE MANFREDI, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               DENNIS CANNING, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   JENNIFER WHELAN, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

        The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 14.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A. Factual Background

At the time of filing and the hearing Claimant was an adolescent. (T. 126); 20 C.F.R. § 416.926a(g)(2). Claimant's alleged disability consists of attention deficit hyperactivity disorder ("ADHD"), oppositional defiance disorder ("ODD"), and impulse control disorder. (T. 23, 187.)

### B. Procedural History

On October 20, 2015, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on Claimant's behalf. (T. 65.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On April 3, 2018, Plaintiff and Claimant appeared before the ALJ, Bryce Baird. (T. 13-52.) On July 18, 2018, ALJ Baird issued a written decision finding Claimant not disabled under the Social Security Act. (T. 66-85.) On November 14, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found Claimant was an adolescent at the time of filing and the hearing pursuant to 20 C.F.R. § 416.926a(g)(2). (T. 72.) Second, the ALJ found Claimant had not engaged in substantial gainful activity since the application date. (*Id.*) Third, the ALJ found Claimant suffered from the severe impairments of ADHD, ODD, and impulse control disorder. (*Id.*) Fourth, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I ("the Listings"). (T. 73.) Fifth, the ALJ found Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings. (T. 73-81.) Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since October 20, 2015, the date his application was filed. (T. 81.)

## II.  THE PARTIES' BRIEFINGS

### A.  Plaintiff's Arguments

Generally, in support of her motion for judgment on the pleadings, Plaintiff makes one argument. Plaintiff argues the ALJ's findings are not supported by substantial evidence because the ALJ relied on stale opinions. (Dkt. No. 8 at 10-17.) Plaintiff filed a reply brief in which she deemed no reply necessary and relied on her original argument. (Dkt. No. 13.)

### B.  Defendant's Argument

Generally, in support of his cross-motion for judgment on the pleadings, Defendant makes one argument. Defendant argues substantial evidence supports the ALJ's decision Claimant's severe impairments did not functionally equal a listed impairment. (Dkt. No. 12 at 13-22.)

## III.  RELEVANT LEGAL STANDARD

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were

not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *see Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked" limitation when his

or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

**IV.   ANALYSIS**

Plaintiff argues the ALJ's various domain findings are not supported by substantial evidence because the ALJ relied on stale opinions that did not consider more recent evidence of behavioral problems and subsequent diagnosis of ODD. (Dkt. No. 8 at 10-17.) For the following reasons, Plaintiff's argument fails.

In deciding whether a child's impairment functionally equals a listing, the ALJ considers all of the relevant evidence of record, including objective medical evidence, the claimant's own statements, other evidence from sources such as teachers and family members, and any other relevant evidence about how he functions over time and in all settings (home, school, in the community). *See* 20 C.F.R. §§ 416.924a(a), 416.926a.

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016). A medical opinion may be stale if it does not account for a plaintiff's deteriorating condition. *See Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at

*6 (W.D.N.Y. May 12, 2017). "However, a medical opinion is not necessarily stale simply based on its age." *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018). Overall, remand is warranted where more recent evidence in the record "directly contradict[s] the older reports of [claimant's] functioning on which the ALJ relied" and the ALJ failed to analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, (2d Cir. 2020).

Here, the ALJ considered all the evidence in the record, including opinion evidence and subsequent evidence of additional diagnosis and behavioral problems, in making his determinations; therefore, remand is not warranted. The ALJ assigned "great weight" to the opinion of consultative examiner, Christine Ransom, Ph.D. (T. 75). In January 2016, Dr. Ransom conducted a psychological evaluation of Claimant that revealed no abnormalities. (T. 313-314.) Dr. Ransom opined Claimant's ADHD was in remission on medication and he had no functional limitations in any categories. (T. 314-315.)

In assessing Dr. Ransom's opinion, the ALJ considered the doctor's area of professional expertise as well as recent evidence of evaluations stemming from Claimant's involvement in the legal system. (T. 74-75.) The ALJ considered evidence, subsequent to Dr. Ransom's evaluation and opinion, "demonstrating some behavioral issues." (T. 75.) Specifically, the ALJ considered evidence of legal involvement, disciplinary actions at school, notations of Claimant's poor grades due to poor effort, and engagement in therapy. (*Id*.)

The ALJ also assigned "great weight" to the questionnaire provided by Claimant's teacher. (T. 75.) Plaintiff's special education teacher, Lorie Nogueira, completed a

questionnaire in November 2015.  (T. 195-205.)  She indicated Claimant had some "slight" problems and a few "obvious" problems in the domain of acquiring and using information, a few "slight" problems and one "obvious" problem attending and completing tasks, and no problems at all interacting and relating with others or caring for himself.  (T. 195-200.)  Ms. Nogueira also stated Claimant's medication allowed him to focus better.  (T. 201.)  The ALJ concluded more recent evidence, including Claimant's legal involvement, revealed Claimant had greater limitations in the domain of interacting and relating with others than indicated by Ms. Nogueira.  (T. 75.)

Although Plaintiff argues Claimant's subsequent behavioral problems and diagnosis of ODD rendered the opinions of Ms. Nogueira and Dr. Ransom stale, the ALJ considered the evidence cited by Plaintiff and ultimately found greater limitations in the domains than opined by either source.  *See Blash,* 813 F. App'x at 642 (remand where evidence directly contradicts older reports and the ALJ failed to analyze the recent evidence).

As an initial matter, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record and fails to do so in this case.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

Although Plaintiff argues the evidence in the record rendered the opinions stale, Plaintiff fails to show that no reasonable factfinder could have reached the ALJ's conclusions. Indeed, the ALJ considered the opinions, and the evidence cited by Plaintiff, and ultimately determined Claimant's limitations were greater than the opined limitations due to the record as a whole.

The ALJ found Claimant had more restrictions in various domains than opined by Dr. Ransom or Ms. Nogueira.  The ALJ found Claimant had less than marked limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others; and no limitation in moving about and manipulating objects, caring for himself, and health and physical well-being.  (T. 75, 76-81.)  As noted above, Ms. Nogueira indicated Plaintiff had "slight" limitations in some aspects of acquiring and using information as well as attending and completing tasks, and a few "obvious" limitations in other subparts of those two domains, but no interpersonal limitations.  (T. 195-205.)  After a complete psychological evaluation, Dr. Ransom opined Plaintiff had no limitations at all.  (T. 314).  Remand is generally not warranted where the ALJ's findings are more restrictive than the limitations set forth in the medical opinions of record.  *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) (citing *Baker v. Berryhill*, No. 1:15-CV-00943, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018)).

Plaintiff makes the related argument, that because the opinion evidence was stale, the ALJ had a duty to further develop the record.  (Dkt. No. 8 at 15.)  However, as outlined above, the opinions were not rendered impermissibly stale due to subsequent evidence and the ALJ considered all of the evidence in the record in making his

9

determination.  As noted by Defendant, Plaintiff's request contemplates an impossible to achieve, and never ending, case development cycle.  (Dkt. No. 12 at 20-21.)  Further, the record was adequate for the ALJ to make a determination.  *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez*, 77 F.3d at 48) ("The ALJ is not required to develop the record any further when the evidence already presented is 'adequate for [the ALJ] to make a determination as to disability.'").  Therefore, the ALJ was not obligated to further develop the record.

Overall, the opinions provided by Ms. Nogueira and Dr. Ransom were not rendered stale by subsequent evidence.  The ALJ relied on the opinion evidence and the subsequent evidence in making his domain determinations.  The ALJ ultimately determined, based on the record as a whole, Claimant had greater limitations than provided in the opinions.

Plaintiff also argues the ALJ's determination Claimant had less than marked limitation in the domain of interacting and relating with others directly contradicted the ALJ's step two determination Claimant's ODD was severe.  (Dkt. No. 8 at 14.)  In support of her position, Plaintiff cites to case law in which ODD was found severe at step two, but in which the ALJ found the individual had no interpersonal limitations at all.  (*See* Dkt. No. 10 at at 14 (citing *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *18 (N.D.N.Y. Feb. 15, 2012) and *Hudson ex rel. S.G. v. Astrue*, No. 1:06-CV-1342, 2009 WL 1212114, at *9 (N.D.N.Y. Apr. 30, 2009)).

Here, unlike in *F.S.* and *Hudson ex rel. S.G.*, although Plaintiff's teacher and the consultative examiner found he had no limitations, the ALJ found Claimant's ODD caused some difficulty with his interpersonal abilities and determined Plaintiff had less

10

than marked limitations in this domain. (T. 78.) Indeed, the ALJ considered evidence that Claimant had legal difficulties including conflicts with an adult neighbor. (*Id*.) The ALJ also considered evidence describing Claimant as polite and well-mannered, and that he got along well with providers and friends. (*Id*.) Therefore, the ALJ properly considered Claimant's ODD and interpersonal abilities in the domain of interacting and relating with others.

Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      March 1, 2021

_____
William B. Mitchell Carter
U.S. Magistrate Judge